[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Following the entry of a guilty plea to burglary in violation of R.C. 2911.12(A)(1), the trial court imposed a three-year prison term upon defendant-appellant Kenneth Julious. Julious now appeals this sentence, asserting, in a single assignment of error, that the sentencing findings made by the trial court are not supported in the record. We disagree.
 {¶ 3} A third-degree felony, such as the crime of burglary here, carries no presumption for or against a prison term. Accordingly, when determining whether to impose a prison term for a third-degree felony, the trial court must comply with the purposes and principles of sentencing under R.C. 2929.11 and 2929.12.[1] After reviewing the sentencing transcript, the presentence-investigation report, and felony sentencing worksheet in this case, we hold that the trial court did comply with the sentencing guidelines and considered the relevant factors, although the court erroneously checked certain sections of the sentencing worksheet that do not apply to this case.[2]
 {¶ 4} We further hold that the record supports the findings of the trial court in selecting the sentence imposed. First, the trial court found that Julious had no genuine remorse. At the sentencing hearing, Julious did not indicate any regret for kicking in the door of a woman he sometimes dated, punching her in the face and the head, and then taking some food from the apartment. Instead, he explained his behavior to the court by stating that he and the victim had been dating sporadically over a fourteen-year period and that "we get angry at one another, you know, and we get mad at one another, you know." Second, the trial court found that Julious had previous convictions. The presentence-investigation report contained Julious's lengthy criminal record, including a felony for which he had served time in prison. The trial court's findings were not offset by any other factors in the record to indicate that Julious would be unlikely to reoffend.
 {¶ 5} Because the trial court's findings were supported in the record, we cannot say that the sentence imposed upon Julious is contrary to law. Accordingly, Julious's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See R.C. 2929.13(C).
[2] The trial court made certain sentencing findings that apply only to fourth- and fifth-degree felonies. Although these findings were not necessary to impose a prison term for Julious's offense, we do note that they were supported by the record.